### BOYD vs. VOLLMAR and another.

An order overruling a demurrer to the complaint in an action, without prejudice to the defendant's right to move that the complaint be made more definite and certain, accompanied by an order denying the plaintiff's motion for judgment, was irregular in not requiring the defendant to make his motion, or to file an answer, *within a prescribed time.*

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff in this action recovered, in October, 1858, against B. S. Weil and Eliza A. Weil, his wife, a judgment of foreclosure of a mortgage, and for the sale of the mortgaged premises, to make the sum of $1187. In July, 1859, the said B. S. & Eliza A. Weil took an appeal from this judgment, and filed the usual undertaking to stay proceedings, by which the obligors undertook that said appellants would not commit or suffer waste on the mortgaged premises; that if the judgment was affirmed they would pay the value of the use and occupation of the property pending the appeal, not exceeding $2000; and that they would also pay any deficiency remaining after the sale, &c. The judgment so appealed from having been af-

firmed by the supreme court, and duly remitted, the mortgaged premises were sold by the sheriff, and his report of the sale (which was confirmed) showed a deficiency of $948. The Weils having failed to pay the deficiency, the value of the use and occupation of the premises, and the costs in the supreme court, this action to recover said several sums was brought against the defendants *Vollmar* and *Goetler*, as obligors in the undertaking upon said appeal. The defendant *Vollmar* demurred to the complaint, and on the 27th of April, 1863, the court overruled the demurrer, the defendant not having appeared at the hearing. On the 16th of May following, the plaintiff moved for judgment, but, upon the application of the defendants, the hearing of the motion was postponed to the 25th of the same month, to enable them to prepare an answer and an affidavit of merits. On the 25th, the defendants, upon affidavits, moved the court to vacate, for irregularity, the order overruling the demurrer; and this motion, and that for judgment, were argued and submitted. On the 31st of May, the motion to vacate the order overruling the demurrer was denied, with leave to the defendants to argue the demurrer. On the 22d of June following, the court again overruled the demurrer, "without prejudice to the defendants' right to move that plaintiff make the complaint more definite and certain;" and at the same time it denied the motion for judgment. From this last order the plaintiff appealed.

*E. Mariner*, for appellant.

*Coon & Cotton* and *Martin & Hofer*, for respondents.

*By the Court*, COLE, J. On overruling the demurrer and denying the motion for judgment, the court could have required the defendants to answer the complaint, or move to make it more certain, within some reasonable time, if they had desired to take those steps. The order appealed from, as it now stands, is irregular, as it imposes no diligence or conditions on the defendants. The plaintiff is at their mercy. He cannot

obtain judgment, and the court prescribes no time within which the defendants must answer. It is claimed that the complaint is too indefinite and uncertain to render judgment upon. But this is a mistake. The complaint is certainly good in substance. The most that can be claimed is, that the complaint may possibly be a little indefinite and uncertain in its allegations whether the defendants in this action, or the defendants in the suit which was brought to this court on appeal, "undertook and promised pursuant to the statute" &c. I think there is no difficulty in determining to what defendants this language refers ; but still if the complaint should be held to be indefinite on that point, the defendants ought to be required, within some reasonable time, to move to make it more certain.

The order overruling the demurrer and denying the motion for judgment, as it now stands, is irregular, because it does not require the defendants to proceed with their defense, if they have one, within some reasonable time fixed by the court.

Order reversed, and cause remanded for further proceedings according to law.